1675-14

ORIGINAL

No. 09-13-00582-CR

IN THE

COURT of CRIMINAL

APPEALS of TEXAS

AUSTIN, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 06 2015

Abel Acosta, Clerk

WILLIAM PAUL SEMIEN
Appellant

FILED IN
COURT OF CRIMINAL APPEALS

MAR 09 2015

Abel Acosta, Clerk

VS.

THE STATE of TEXAS
Appellee

On Appeal in Cause No. 13-17919

Criminal District Court, Jefferson County Texas

John Stevens, Judge Presiding

Petition For Discretionary Review

Pro-se Petition
Oral Argument Requested

William Paul Semien
℅ William P. Clements Unit
#01904346
9601 Spur 591
Amarillo, Texas 79107-9606

No. 09-13-00582-CR

IN THE

COURT of CRIMINAL

APPEALS of TEXAS

AUSTIN, TEXAS

---

WILLIAM PAUL SEMIEN
Appellant

VS.

THE STATE of TEXAS
Appellee

---

On Appeal in Cause No. 13-17919

Criminal District Court, Jefferson County Texas

John Stevens, Judge Presiding

---

Petition For Discretionary Review

---

To The Honorable Court:

William Paul Semien, Defendant in Cause No. 13-17919 in the Criminal District Court, Jefferson County, Texas, John Stevens,

Judge Presiding, and Appeal for the Court of Appeals, respectfully submit this Petition for Discretion Review to the Court for the purpose of Appealing his conviction Sexual Assault

For convenience, the parties will be referred to As "Defendant" And the "State."

# Table of Contents

Table of Contents ...                                    pg. 1
Index of Authorities...                                  pg. 2
Statement Regarding Oral Argument ...                    pg. 4
Statement of the Case ...                                pg. 5
Statement of Procedural History...                       pg. 6
Grounds for Review...                                    pg. 8
Argument...                                              pg. 10
Prayer...                                                pg. 30
Appendix...                                              pg. 31
Affidavit...                                             pg. 32
Certificate of Service ...                               pg. 33

# Index of Authorities

Arbetter v. State, 79 Tex. Crim. 487, 186 S.W. 769     pg. 22

Article 28.10 V.A.C.C.P.     pg. 20, 21

Bates v. States, 643 S.W. 2d 939     pg. 24

Bell v. State, 724 S.W. 2d 780     pg. 20

Burrell v. State, 529 S.W. 2d 799     pg. 21

Burton v. Johnson, 948 F. 2d 1150     pg. 13, 14

Consolidated Gas & Equipment Co. of America v. Carver, 257 F. 2d 111     pg. 15

Cowan v. State, 41 Tex. Crim. 617, 56 S.W. 751     pg. 22

Craig v. State, 480 S.W. 2d 680     pg. 21

Cuesta v. State, 763 S.W. 2d 547     pg. 20

Cummings v. Dugger, 862 F. 2d 1504     pg. 15

Dyer v. Calderon, 151 F. 3d 970     pg. 13

Elkins v. State, 647 S.W. 2d 663     pg. 23

Exparte Varelas, 45 S.W. 3d 627     pg. 24

Garcia v. State, 537 S.W. 2d 930     pg. 20

Goodwin v. Balkcom, 684 F. 2d 794     pg. 28

Goodwin v. Swenson, 287 F. Supp. 166     pg. 29

Green v. State, 682 S.W. 2d 271     pg. 21

Harrell v. State, 884 S.W. 2d 154     pg. 24

Hughes v. U.S. 258 F. 3d 453     pg. 12, 13

Jackson v State 419 S.W. 2d 370     pg. 21

Jeters v. State, 128 Tex. Crim. 379, 82 S.W. 2d 150     pg. 21

Lankford v. State, 93 Tex. Crim. 442, 248 S.W. 389     pg. 24

Maples v. State, 124 Tex. Crim. 478, 63 S.W. 2d 855     pg. 21

Maxwell v. State, 66 Tex. Crim. 258, 145 S.W. 1190     pg. 22

McClure v. State, 163 Tex. Crim. 650, 296 S.W. 2d 263     pg. 22

McDonald v. State, 138 Tex. Crim. 613, 137 S.W. 2d 1046     pg. 22

McDonough Power Equip, Inc. v. Greenwood, 464 U.S. 548; 104 S. Ct. 845;     pg. 12

McGee v. State, 5 Tex. App. 492     pg. 22

McQueen v. Swenson, 498 F. 2d 207     pg. 29

Mitchell v. State, 931 S.W. 2d 950     pg. 24

Morman v. State, 127 Tex. Crim. 264, 75 S.W. 2d 886     pg. 21

Robinson v. State, 60 Tex. Crim. 592, 132 S.W. 944     pg. 22

Rubio v. States 607 S.W. 2d 498     pg. 24

Rummell v. Estelle 590 F. 2d 103      pg. 21, 28

Rutherford v. State, 74 Tex. Crim. 617; 169 S.W. 1157    pg. 21

Schenk v. State, 76 Tex. Crim. 235; 174 S.W. 357    pg. 21

Smith v. Phillips, 455 U.S. 209; 102 S.Ct. 940; 71 L.Ed. 2d 78    pg. 14

Smith v. State, 107 Tex. Crim. 511; 298 S.W. 286    pg. 21

Swain v. Alabama, 380 U.S. 202; 85 S.Ct. 824; 13 L.Ed. 2d 759   pg. 12

Tex. R. Evid. 404 (b)    pg 24

Thompson v. Altheimer & Gray, 248 F. 3d 621    pg. 13

United States, v. Colombo, 869 F. 2d 149    pg. 15

United States, v. Gonzalez, 214 F. 3d 1109    pg. 13

United States, v. Martinez-Salazar, 120 S.Ct. 774; 145 L.Ed. 2d 792   pg. 13

United States, v. Nell, 526 F. 2d 1223    pg. 12, 14

United States, v. Perkins, 748 F. 2d 1519    pg. 14

United States, v. Porterfield, 624 F. 2d 122    pg. 28

United States, v. Scott, 854 F. 2d 697    pg. 15

United States, v. Tucker, 716 F. 2d 576    pg. 28

Virgil v. Dretke, 446 F. 3d 598    pg. 14

Virgin Islands v. Felix, 569 F. 2d 1274    pg. 12

Wade v. State, 52 Tex. Crim. 619, 108 S.W. 677    pg. 22

Wilkerson v. State, 736 S.W. 2d 656    pg. 24

Wolf v. Brigano, 232 F. 3d 499    pg. 12

Wood v. Zahradnick, 578 F. 2d 980    pg. 28

# Oral Argument

It is humbly requested that Oral Argument should be permitted for this Petition For Discretionary Review, and all evidence of facts presented herein, be construed under liberal guidelines set forth and bound by and under the law. Defendant is merely a layman in law, without comparable skills of learned counsel who only seek justice. Defendant has yet to receive access to the entire content/records of the trial nor has defendant had enough time to diligently research the law to raise the proper grounds of error that I found in the portion of my trial record I recieved.

## Statement of The Case

## Nature of The Case

This is An Appeal from Defendant's conviction for the offense of sexual Assault

Defendant was charged by information for the offense of Assault Allegedly occurring on or About November 11, 2012; in Jefferson County, Texas; (Clerk's Record, pg.6). Defendant requested And received A jury trial and entered A plea of not guilty to the offense As presented on November 5, 2013; (Reporter's Record, vol.3, pg.11). After presentation of evidence during the guilt/innocence phase And Argument of counsel and deliberation by the jury, the jury found the Defendant guilty; (Reporter's Record vol.4, pg.35 line 20). During the punishment phase, the Defendant plead true to paragraphs 2,3 And 4 of the indictment. Then, After presentation of evidence And the Arguments during the punishment phase by the state and the Defendant's Attorney, the jury sentenced defendant to 55 years in the Texas Department of Criminal Justice-Institutional Division; Reporter's Record vol.4, pg.61, lines 1-13). Defendant timely gave Notice of Appeal on November 26, 2013; Clerk's Record pg.76).

## Statement of Procedural History

1) On the 4th day of November, 2013; this case went to trial in the Criminal District Court of Jefferson County, Texas.

2) The case was styled THE STATE of Texas vs. WILLIAM PAUL SEMIEN, and numbered 13-17919.

3) Defendant was convicted of          Assault and to fifty five (55) years confinement in the Texas Department of Criminal Justice - Institutional Division on November 6, 2013.

4) Notice of Appeal was given on November 26, 2013.

5) Defendant's first motion to extend the time for filing the Pro-Se Appellant's Brief was filed and granted by Terrence Leon Holmes, on June 10, 2014; Defendant's Attorney at that time for said appeal.

6) Defendant's Appeal Attorney submitted an Anders Brief of Appellant, received June 10, 2014, was filed that date.

7) The second motion to extend the time for filing the Pro-Se Appellant's Brief was filed by William Paul Semien, Pro-Se Appellant, on or about August 29, 2014.

8) On or about September 16, 2014; the motion for extension of time to file pro-se brief was granted with notation Final Extension; due October 10, 2014.

9) On or about October 3, 2014; Defendant request for emergency extension to file due to exigent circumstances to file pro-se brief was denied.

10) On or about October 21, 2014; defendant received notification the case will be submitted to the court without oral argument

twenty-one days from October 21, 2014.

11) On or About November 19, 2014; the Ninth District Court of Appeals gave their Opinion and Judgment to AFFIRMED the judgment of the trial court.

12) On November 28, 2014; Defendant received A true and correct copy of the Court's Opinion and Judgment; Along with notification of the Defendant's right to file A pro-se petition for Discretionary Review under Rule 68.

13) On or About December 15, 2014; First motion for extension of time to file Pro-se Petition for Discretionary Review was submitted.

14) On or About December 19, 2014; the Pro-se Petition for Discretionary Review due to submitted

15) On or About January 13, 2015; defendant received notice that the Court of Criminal Appeals granted the Appellant's Pro-se motion for An extension to file the Petition for Discretionary Review on the 31st day of December, 2014; And the time to file has been extended to, February 17, 2015.

16) On the 13th day of February; defendant submitted Pro-se Petition for Discretionary Review by U.S. First Class mail to The Court of Criminal Appeals of Texas.

# Grounds For Review

The Grounds For Review in this Petition For Discretionary Review concern the manner in which:

1). The court/judge sat a bias, dishonest and partial jury panel.
Vol. 2 of Court Reporter's Record pg. 6, lines 21-24
Vol. 2 of Court Reporter's Record pg. 47, lines 16-24
Vol. 2 of Court Reporter's Record pg. 58, lines 22-25
Vol. 2 of Court Reporter's Record pg. 62, lines 7-22

2) How can all my fundamental rights to a fair, impartial and just trial be offered when my trial was prejudice during the voir dire and the guilt/innocence phase and the prejudicial effect was never cured?
Vol. 2 of Court Reporter's Record pg. 11, lines 19-25 and pg. 12, lines 1-3
Vol. 2 of Court Reporter's Record pg. 35, lines 2-21
Vol. 2 of Court Reporter's Record pg. 47, lines 4-5
Vol. 4 of Court Reporter's Record pg. 17, lines 16-17
Vol. 4 of Court Reporter's Record pg. 19, lines 7-8
Vol. 4 of Court Reporter's Record pg. 40, lines 19-22

3) How can the court/judge be fundamentally fair, impartial and just when the court/judge prejudice my trial in a way that was never cured?
Vol. 2 of Court Reporter's Record pg. 11, lines 23-25 and pg 12, lines 1-3
Vol. 2 of Court Reporter's Record pg. 12, lines 11-14
Vol. 2 of Court Reporter's Record pg. 12, lines 23-25 and pg. 13, line 1
Vol. 2 of Court Reporter's Record pg. 14, lines 21-25

4) The defendant never understood what was taking place doing most of the proceedings; meaning, His rights and if all parties involved were following procedures bound by and under the law, from the date of His arrest as well as before, during and after the trial.
Vol. 4 of Court Reporters Record pg. 4, lines 19-23
Vol. 4 of Court Reporters Record pg. 5, lines 2-8

## Grounds For Review cont.

5). How can the court/judge allow the indictment to be added and subtracted to in matter of form and substance once both parties announced ready and not be in violation of Article 28.10 V.C.C.P. and still be bound by or under the law?

Vol. 3 of Court Reporter's Record pg. 11, lines 16-19
Vol. 3 of Court Reporter's Record pg. 97, lines 24-25
Vol. 3 of Court Reporter's Record pg. 98, lines 5-10; 17-20; 23-25
Vol. 3 of Court Reporter's Record pg. 99, lines 8-14
Vol. 3 of Court Reporter's Record pg. 100, lines 5-7; 10-11; 12-16
Vol. 4 of Court Reporter's Record pg. 16, lines 24-25
Vol. 4 of Court Reporter's Record pg. 17, lines 1-14
Vol. 4 of Court Reporter's Record pg. 19, lines 7-8
Vol. 4 of Court Reporter's Record pg. 43, lines 15-18

6). Without a burden of proof that the extraneous acts even took place, these acts should have been inadmissible. What happen to the law of being innocence until proven guilty?

Vol. 2 of Court Reporter's Record pg. 68, lines 7-16
Vol. 3 of Court Reporter's Record pg. 15, lines 20-24
Vol. 3 of Court Reporter's Record pg. 27, lines 23-25 and pg. 28, lines 1-25
Vol. 3 of Court Reporter's Record pg. 29, lines 5; 15-21
Vol. 3 of Court Reporter's Record pg. 40, lines 23-25
Vol. 4 of Court Reporter's Record pg. 18, lines 9-12

7). How could my attorney render effective assistance of counsel or proper legal representation when his performance was deficient as it fell below an objective standard of reasonableness under prevailing professional norms which prejudiced defendant's rights to a fair trial?

Vol. 3 of Court Reporter's Record pg. 45, line 4
Vol. 3 of Court Reporter's Record pg. 55, lines 7-9
Vol. 4 of Court Reporter's Record pg. 6, line 8 and 10-13
Vol. 4 of Court Reporter's Record pg. 9, lines 20-25
Vol. 4 of Court Reporter's Record pg. 28, lines 2-10 and 11-13
Vol. 4 of Court Reporter's Record pg. 30, lines 11-15
Vol. 4 of Court Reporter's Record pg. 53, lines 16-18

# Argument

On November 4, 2013; the case was set for jury trial and Defendant plead not guilt. After presentation of evidence during the guilt/innocence phase and argument of counsel and deliberation by the jury; the jury found the Defendant guilty. Then, after presentation of evidence and the arguments during the punishment phase by the state and the defendant's attorney, the jury sentenced defendant to life in the Institutional Division of Texas Department of Criminal Justice.

Ground no. 1; should be sustained, due to; the jury panel was not a fair, impartial and just jury, nor was it a jury of my peers. The court/judge sat a bias and dishonest and partial juror who was unable to be rehabilitated or express any confidence in being able to succeed in any attempt to be fair, impartial and just.

The finding of a bias, dishonest and partial juror who could not be rehabilitated is based on the following facts:

During the voir dire juror no. 4 Nancy Roam and no. 10 Gerald Riedmueller were dishonest by withholding information. In vol. 2 of Court Reporter's Record pg. 6, line 21-24; the court asked, "Now, do any of you know the attorneys or the defendant in this case? If you do, please raise your hand high so we can see'; and I'm going to be asking some questions. Neither juror no. 4 Nancy Roam or juror no. 10 Gerald Riedmueller inform the court that they knew of the defendant's attorney. Juror no. 4 Nancy Roam was familiar with the judge as well.  The billion dollar question is, <u>what else were these two jurors dishonest about and did not impart doing voir dire?</u> Voir dire; means to speak truthfully and that was not done.

In vol. 2 of Court Reporter's Record pg. 47, lines 16-24 is where juror no. 10 Gerald Riedmueller acknowledges he recognize my attorney's name. Then my attorney stated that was a good deal. I do not know what sort of outside dealing that may have went on. What was being hidden or secretly decided I will never know.

In vol. 2 of Court Reporter's Record pg. 62, lines 18-22 reveals juror no. 4 Nancy Roam withheld the fact she was familiar with the judge as well as

defendant attorney. Neither juror no. 4 Nancy Roam or no. 10 Gerald Riedmueller were questioned as to their ability to be fair and impartial as a juror in spite of the contact they may have had with the judge and defendant attorney. By these two jurors not getting questioned; defendant complains that his voir dire examination was impermissibly restricted. During voir dire juror no. 4 Nancy Roam and no. 10 Gerald Riedmueller failed to honestly answer a material question, and a correct response to voir dire question would have formed a valid basis for a challenge for cause or a peremptory strike. However, with voir dire question being disallowed defendant was denied ability to intelligently exercise challenge for cause or a peremptory strike.

Juror no. 4 Nancy Roam is the bias and partial juror who could not be rehabilitated and this is based on the following statements by the juror on voir dire; in vol. 2 of Court Reporter's Record pg. 55, lines 1-17; deals with defendant's attorney informing the court that juror no. 4 Nancy Roam needed to be questioned further about her personal experience with the type of issues in this case.

In vol. 2 of Court Reporter's Record pg. 59, lines 7-16, deals with juror no. 4 Nancy Roam ability to be a fair and impartial juror.

Then in vol. 2 of Court Reporter's Record pg. 60, lines 7-18, deals with the court/judge making juror no. 4 Nancy Roam a juror before the jury panel was even properly selected with his statement, and I quote, "the jury has got to do its job in rendering a proper verdict based upon the law and the evidence but that's what jurors do;" "People just like you, are in court-rooms just like this one all across this country right now today making the same kind of decisions that you're going to have to make." With this statement the court/judge informed the state (D.A.) and the defendant's attorney that he (the judge) was making juror no. 4 Nancy Roam a juror on the jury panel of this case in-chief. Then in vol. 2 of Court Reporter's Record pg. 61, lines 8-14, the court/judge reaffirm on line 12, that juror no. 4 Nancy Roam will be a juror with this statement, "It sound like that's you."

Then in vol. 2 of Court Reporter's Record pg. 62 lines 10-12 the court/judge further inform juror no. 4 Nancy Roam that she will be a juror with this statement, "you're going to take an oath to say you will render a true and accurate verdict based upon the law I give to you and the evidence presented in the case.

Juror no. 4 Nancy Roam did not make it absolutely clear that her views would not prevent or substantially impair her performance/independent decision making of her duties as a juror in accordance with her instructions and oath. In Vol. 2 of Court Reporter's Record pg. 62, lines 4-8, deals with juror no. 4 Nancy Roam not being able to be rehabilitated or express any confidence in being able to succeed in any attempt to be fair and impartial with the following statement: the court/judge stated, "We are here to determine did the defendant commit a crime or not, did the evidence prove that he committed an offense based upon the law and the evidence presented. Can you do that?" Jury no. 4 Nancy Roam answer "I will try". Once again in Vol. 2 of Court Reporter's Record pg. 62, lines 12-14, the court/judge asked, "Can you follow that oath, be fair and impartial for both sides?" Once more juror no. 4 Nancy Roam replied, "I will try."

Allow the record to reflect that the Defendant did not want a juror who did not put good faith into the decision-making sitting as a juror making a decision over my life.


## Supporting Authority (ies)

Defendant relies on the following supporting authorities:

Hughes V. U.S. 258 F.3d 453 quoting; [7] However, a trial court's broad discretion in the conduct of voir dire is nevertheless "subject to essential demands of fairness." Wolf V. Brigano, 232 F.3d 499, 504 (6th Cir. 2000) (Wellford, J., concurring) (quoting United States V. Nell, 526 F.2d 1223, 1229 (5th Cir 1976)). "At stake is [Petitioner's] right guaranteed by the Sixth Amendment to an impartial jury; the principal way this right is implemented is through the system of challenges exercised during the voir dire of prospective jurors." Nell, 526 F.2d at 1229 (citing Swain V. Alabama, 380 U.S. 202, 85 S. Ct. 824, 13 L.Ed. 2d 759 (1965)). A defendant may obtain a new trial if an impaneled juror's honest responses to questions on voir dire would have given rise to a valid challenge for cause. McDonough Power Equip., Inc. V. Greenwood, 464 U.S. 548, 556, 104 S.Ct. 845, 78 L.Ed. 2d 663 (1984). "Challenges for cause are subject to approval by the court and must be based on a finding of actual or implied bias." Virgin Islands V. Felix, 569 F.2d 1274, 1277 n.5 (3d Cir 1978).

<u>Hughes v. U.S.</u> 258 F.3d 453, At 460; Our finding of Actual bias is further supported by the recent decision in <u>Thompson v. Altheimer & Gray</u>, 248 F.3d 621 [7th Cir 2001) In Thompson, the Seventh Circuit found that A juror " manifest [ed] A degree of bias such that the [trial] judge Abused his discretion in failing to strike her for cause[.]" <u>Thompson</u>, 248 F.3d At 625. This finding of bias was based on the following statements by the juror on voir dire: "I think I bring A lot of background to this case, and I can't say that it's not going to cloud my judgment. <u>I can try to be As fair as I can, As I do every day.</u>" <u>Id. At 624.</u>  The court, when reviewing these statements, noted that the juror "<u>said she would try to be fair, but...expressed no confidence in being Able to succeed in the Attempt.</u>" Id. At 626 (emphasis in original). Any two ways the juror had, "said she could not be fair, the judge would of course have had to strike her for cause." Id. (emphasis in original)

  <u>Hughes v. U.S.</u> 258 F.3d 453, The "presence of A biased juror can not be harmless; the error requires A new trial without A showing of Actual prejudice." <u>United States v. Gonzalez</u>, 214 F.3d 1109, 1111 (9th Cir. 2000) (citations omitted). Accordingly, given that A biased juror was impaneled in this case, prejudice under Strickland is presumed, and A new trial is required.


  <u>U.S. v. Gonzalez</u> 214 F.3d 1109; The Sixth Amendment guarantees criminal defendants A verdict by An impartial jury. <u>Dyer v. Calderon</u> 151 F.3d 970, 973 (9th Cir. 1998). The bias or prejudice of even A single juror is enough to violate that guarantee. Id. Accordingly, "the presence of A biased juror cannot be harmless; the error requires A new trial without A showing of Actual prejudice." <u>Dyer,</u> 151 F.3d At 973, n2; See Also <u>United States v. Martinez-Salazar,</u> — U.S. —, —, 120 S.Ct. 774, 782, 145 L.Ed. 2d 792 (2000).

  <u>U.S. v. Gonzalez</u> 214 F.3d 1109; [14,15] A juror is considered to be impartial "only if he can lay aside his opinion and render A verdict based on the evidence presented in court..." "Doubts regarding bias must be resolved Against the juror," <u>Burton,</u> 948 F.2d At 1158. When A juror is unable to state that she will serve fairly and impartially despite being Asked repeatedly for such Assurances, we can have no confidence that the juror will "lay aside" her biases or her prejudicial personal experiences and render A fair and impartial verdict. Given Camacho's responses to the Court's questions And the similarity between her traumatic familial experience and the defendant's

alleged conduct, we conclude that the failure to excuse her for cause under either an express or implied bias theory requires reversal.

Virgil v. Dretke 446 F.3d 598; The Sixth Circuit relied, in part, on this Court's opinion in United States v. Nell, which found actual bias on the part of a venire person that expressed a strong dislike for unions. 526 F.2d 1223. There, a defendant appealed the denial of for-cause challenges to two jurors. This Court ordered a new trial, finding both jurors actually biased and noting that "[d]oubts about the existence of actual bias should be resolved against permitting the juror to serve. Both the Sixth Circuit, in Hughes, and this Court, in Nell, found it telling that neither venire person ever stated that they would be able to render a fair and impartial verdict.

Virgil v. Dretke 446 F.3d 598; (3d Cir. 1986) "When a juror is unable to state that she will serve fairly and impartially despite being asked repeatedly for such assurances, we can have no confidence that the juror will 'lay aside' her biases or her prejudicial personal experiences and render a fair and impartial verdict." United States v. Gonzalez, supra, 214 F.3d at 1114.

[3-5] The voir dire conducted in this case was so limited as to preclude the parties from adequately discovering whether the jurors were biased or prejudiced and did not permit sufficient inquiry to allow the parties to intelligently exercise their peremptory challenges, 791 F.2d 616.

Burton v. Johnson 948 F.2d 1150; "A party who seeks a new trial because of non-disclosure by a juror during voir dire must show actual bias," United States v. Perkins, 748 F.2d 1519, 1532 (11th Cir. 1984), either "by express admission or by proof of specific facts showing such a close connection to the circumstances at hand that bias must be presumed." id. (quoting United States v. Nell, 526 F.2d 1223, 1229 (5th Cir. 1976)) "(T)he remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias." Smith v. Phillips, 455 U.S. 209, 215 [102 S. Ct. 940, 945, 71 L.Ed. 2d 78 (1982)]... "At such a hearing, evidence of dishonesty and the subject matter of the non-disclosed information are relevant to the inquiry into alleged partiality." 821 F.2d at 1483

[5-6] Whether a juror's bias may be implied from the circumstances is a question of law for this court. Smith v. Phillips, 455 U.S. 209, 222 n*, 102 S. Ct. 940, 949, n*, 71 L.Ed. 2d 78 (1982) (J. O'Connor, concurring); Cummings v.

_Dugger_, 862 F.2d 1504, 1509 (11th Cir.1989). Doubts regarding bias must be resolved against the juror. _United States v. Nell_, 526 F.2d 1223, 1230 (5th Cir. 1976), where the rule was so aptly expressed in this manner:

We have no psychic calibers with which to measure the purity of the prospective juror; rather, our mundane experience must guide us to the impartial jury promised by the Sixth Amendment. Doubts about the existence of actual bias should be resolved against permitting the juror to serve, unless the prospective panelist's protestation of a purge of preconception is positive, not pallid.

[D] Here, the record is clear that Mrs. G. was dishonest in her response to questions on voir dire - this is true whether or not she simply did not, or could not respond properly because of her own emotional distress. This dishonesty, of itself, is evidence of bias. See _U.S. v. Colombo_, 869 F.2d 149, 152 (2d Cir. 1989); _Consolidated Gas & Equipment Co. of America v. Carver_, 257 F.2d 111, 115 (10th Cir. 1958); _U.S. v. Scott_ 854 F.2d 697, 699 (5th Cir. 1988).

We likewise find that Mrs. G's failure to respond on voir dire denied Mrs Burton a fair trial under the McDonough test, for it is clear that the juror did fail to answer a material question, and that a correct response would have provided a basis for a challenge for cause. Had Mrs. G responded honestly, she would have been excused for cause. We find that the record establishes that Mrs. G's silence and the inherently prejudicial nature of her own family situation deprived Mrs Burton of her right to a fair trial by an impartial jury, and that she is entitled to a new trial because of our finding on this issue.

Ground #2 should be sustained; due to, all the issues in my trial was not handled by the rule of law. Most, if not, all my fundamental rights to a fair, impartial and just trial was not offered. My trial was prejudice during the voir dire and the guilt/innocence phase so inflammatory and this prejudicial effect could not be and was never cured.

The finding of my trial was prejudice during the voir dire and the guilt/innocence phase so inflammatory and this prejudicial effect could not and was never cured is based on the following facts:

During voir dire in vol. 2 of Court Reporters Record pg. 11, lines 19-25 and pg. 12, lines 1-3; deals with the defendant getting prejudice with the reading of this statement, "the defendant was a person who was prohibited from marrying or purporting to marry or with whom the defendant was prohibited from living under the appearance of being married under Section 25.01 of the Texas Penal Code. So, what this is alleging here is Sexual Assault with the threat of force and the person who was being assaulted was someone that the defendant under the law is ineligible to be married to because of a relationship under the law. That is under the law a first degree felony." After reading this statement to the jury panel the statement was later abandoned without any kind of instruction to disregard and that its prejudicial effect could not reasonably be cured or removed. Then in vol. 4 of Court Reporter's Record pg. 17, lines 16-17; "the other person believes that the actor has the present ability to execute the threat; and in vol. 4 of Court Reporter's Record pg. 19, lines 7-8 also states, "the complainant then believed the defendant had the ability to execute the threat;" was not alleged in the indictment therefore this prejudice the out come of my trial. The judge abused his discretion as advocate of the court by adding and subtracting to and from the indictment. Surely this is not correct within the law.

Then in vol. 4 of Court Reporter's Record pg. 40, lines 19-22; deals with a judgment and sentence for a conviction that was not in the indictment by admitting that judgment and sentence for that conviction into evidence prejudice my trial to the point it denied defendant rights to a fair impartial and just trial.

Ground #3 should be sustained; due to, the trial court/judge was not fundamentally fair, impartial and just.

The finding of the trial court/judge not being fundamentally fair, impartial and just is based on the following facts:

The trial court/judge abuse it's discretion as advocate of the court when the court/judge allowed my rights to be violated. Trial court/judge abused it's discretion during voir dire when it did not dismiss dishonest jurors who failed to honestly answer a material question that a correct response to voir dire question would have formed a valid basis for a challenge for cause or a peremptory strike nor were these jurors questioned as to their ability to be a fair and impartial juror due their familiarity with the defendant's attorney and the judge. The trial court/judge further abused it's discretion as advocate when the judge hinted to the state (D.A.) and defendant's attorney that he wanted juror No. 4 Nancy Roam on the jury panel with the statements he made. In Vol. 2 Court Reporter's Record pg. 60, lines 7-18; pg 61, lines 8-14; and pg 62 lines 10-12. The trial court/judge went on abusing it's discretion as advocate of the court by adding and subtracting to and from the indictment as a matter of form and substance. By allowing this actual alteration to the charging instrument it was so inflammatory and cause a prejudicial effect that was never cured. The trial court/judge continue with it's abuse of it's discretion by allowing the state to abandoned a portion of the charging instrument without any sort of instruction to disregard which cause a prejudicial effect that could not reasonably be cured or removed and this denied defendant a fair trial.

Ground #4 should be sustained; due to, defendant never fully understood what was taking place doing any of the proceedings; meaning, the nature and cause of the ACCUSATION Against Him, His rights and if all parties involved were following procedures bound by and under the law, from the date of my arrest aswell as before, during and after my trial.

The finding of the defendant not having any knowledge of what was going on at any of the proceedings, and His rights and if all parties involved were following procedures bound by and under the law is based on the following facts:

In vol. 4 of Court Reporter's Record pg. 4, lines 19-23; deals with the defendant trying to inform the court that he does not understand anything that has been going on nor would the defendant's attorney explain the proceedings. In the record the defendant inform the court/judge that a state of confusion did exist; in vol. 4 of Court Reporter's Record pg. 4, lines 22-23; to the point it denied the defendant a fair, impartial and just trial.

In vol. 4 of Court Reporter's Record pg. 5, lines 3-8; I testified there are facts that haven't been presented; meaning, my version of what has happen. The trial was one sided that facts pertaining to the guilt/innocence phase of the prosecution were virtually uncontested that resulted to an unfair, partial and unjust trial. The defendant testified to the fact that the trial was not fair on the defendant's behalf. The defendant testified that His rights were being violated and would contine to get violated the duration of the trial. The defendant testified that the jury panel was not that of the defendant's peers. The defendant further testified there was a lot of issue dealing with the trial which was not fair and just.

Ground #5 should be sustained; due to, the charging instrument/ indictment was amended and abandoned in violation of Article I, §10 of the Texas Constitution, and Article 28.10 V.C.C.P. And was not bound by or under the law.

The finding of the violation of Article I, §10 of the Texas Constitution, and Article 28.10 V.C.C.P. And the procedures followed was not bound by or under the law.

The way the charging instrument/indictment was amended and abandoned after both parties announced ready for trial; this abandonment and amendment was done in the middle of the trial was extreme and manifestly improper as it injected new and harmful facts into the trial and violated mandatory statutory provision of Code of Criminal Procedure. In vol.3 of Court Reporter's Record pg.11, lines 16-19; was read to the jury panel. Then later the state decided to abandon/amend the charging instrument to delete this statue from the face of the charging instrument as well as reducing the state's burden of prove while contributing to the conviction because, but for the abandonment/amendment, the state would have had a more onerous burden of proof. These procedures denied the defendant a fair, impartial and just trial; on the grounds of the fact that, there was no instructions to the jury panel to disregard making this violation so inflammatory it could not cure its prejudicial effect. In vol.3 of Court Reporter's Record pg.97, lines 24-25; pg.98, lines 1-25; pg.99, lines 1-25 and pg 100, lines 1-16; this portion of the record deals with the actual alteration to the face of the charging instrument which affected the substance of charging instrument that caused the defendant to be tried under an indictment that was abandoned/amended pursuant to an unconstitutional statutory provision as it fail to comply with mandatory provisions of Code of Criminal Procedure. In vol.4 of Court Reporter's Record pg.16, lines 24-25; pg17, lines 1-17; pg.19, lines 7-8; deals with the defendant standing as charged by indictment and if any evidence was presented to raise an issue, the law on that issue must be provided. These are false allegations; in the views of the fact, the defendant did not stand charged as alleged by an indictment of the grand jury; due to, the state abandonment/amendment to the face of the charging

instrument which affects substance of charging instrument. The court/ judge did not provide the law which dealt with the controversy of the errors made with the indictment. The charging instrument/indictment As returned by the grand jury did not allege, " the other person believes that the actor has the present ability to execute the threat," or "the complainant then believed the defendant had the ability to execute the threat," it was later added to the charge of the court which denied the defendant a fair, impartial and just trial; so inflammatory it could not cure its prejudicial effect. The court/judge went on to further deny the defendant a fair, impartial and just trial when it inform the jury that during voir dire, this offense of assault as alleged in the indictment was referred to as a first degree felony, and the fact of the matter is it is actually a second degree felony. The court/ judge still did not give the jury an instruction to disregard the abandonment/ amendment of vol.3 of Court Reporter's Record pg.11, lines 16-19; that was read to the jury panel and later abandoned/amended to actual alteration to the face of the charging instrument which affected the substance of the charging instrument. By allowing these act/violation is to deny the defendant a fair, impartial and just trial.


## Supporting Authority(ies)

Defendant relies on the following supporting authorities:

Garcia v. State 537 S.W. 2d 930 quoting; Article 28.10, V.A.C.C.P. which provides as follows: " Any matter of form in an indictment or information may be amended at any time before an announcement of ready for trial upon the merits by both parties, but not afterward. No matter substance can be amended."

Cuesta v. State 763 S.W. 2d 547; [11,12] Ordinarily, injury caused by improper jury argument is cured when the trial court sustains the defense objection and instructs the jury is disregard that portion of the argument. Bell v. State, 724 S.W. 2d 780, 801 (Tex. Crim. App. 1986). An exception does, however, exist when the argument is so inflammatory that its prejudicial effect cannot reasonably be removed by an instruction to disregard.

pAge 20

Green v. State, 682 S.W.2d 271, 295 (Tex. Crim. App. 1984).

Cuesta v. State 763 S.W.2d 547; [17] Appellant argues that the amendment contributed to the conviction because, but for the amendment, the state would have had a more onerous burden of proof.

Burrell v. State 526 S.W.2d 799; Since one cannot tell which offense the grand jury intended to charge, and which allegations were the unnecessary ones, the appellant was harmed by the amendment of substance of the indictment, decreasing the burden of proof upon the state.

Burrell v. State 526 S.W.2d 799; An amendment of an indictment may be made as to form if timely made before the announcement of ready by both parties, Article 28.10, supra; Roberts v. State 489 S.W.2d 113 (Tex. Cr. App. 1972). See also Craig v. State, 480 S.W.2d 680 (Tex. Cr. App. 1972) After trial commences the indictment should not be amended as to form or substance. Jackson v. State, 419 S.W.2d 370 (Tex. Cr. App 1967). Appellant contends, however, that the amendment in the instant case involved a matter of substance.

The amendment involved substance and that neither counsel nor the district attorney and the prisoner, nor the trial court could materially alter the indictment in light of the statute (a forerunner of Article 28.10, Vernon's Ann. C.C.P. containing the some wording) See also Schenk v. State, 76 Tex. Crim. 235, 174 S.W. 357 (Tex. Cr. App. 1915).

Jeters v. State, 128 Tex. Crim. 379, 82 S.W.2d 150 (Tex. Cr. App. 1935) also made clear that an amendment as to the substance of the indictment can not be made even if the parties consent. Morman v. State, 127 Tex. Crim. 264, 75 S.W.2d 886 (Tex. Cr. App. 1934), noted that an indictment can not be legally amend as to substance, and Rutherford v. State, 74 Tex. Crim. 617, 169 S.W. 1157 (Tex. Cr. App. 1914) held that an indictment amended as to substance will not support a conviction.

It is well established that where a person, place or thing necessary to be mentioned in the indictment is described with unnecessary particularity, all circumstances of description must be proven, Smith v. State, 107 Tex. Crim. 511, 298 S.W. 286 (Tex. Cr. App. 1927), and can not be rejected as surplusage, for they are thus made essential to the identity, Maples v. State, 124 Tex. Crim. 478, 63 S.W.2d 855 (Tex. Cr. App. 1933). Thus, if the pleader makes unnecessary allegations descriptive of the identity of the offense charged, it is incumbent upon the state to establish such

Allegation by evidence. McClure v. State 163 Tex. Crim. 650, 296 S.W. 2d 263 (Tex. Cr. App. 1956).

In Wade v. State, 52 Tex. Crim. 619, 108 S.W. 677 (Tex. Cr. App. 1908), the indictment was amended by deleting the certain dates upon which a court order was published which created the local option law, which appellant allegedly violated. In reversing, the court stated:

"... the state having specified this particular election and the publication in the newspaper under it, the state would be confined to said election; and, having alleged it in the indictment, it became a matter of substance, descriptive in its nature, and could not be altered or changed by the court. Otherwise we would have what purports to be an indictment different entirely from that actually preferred by the grand jury, and which would constitute it no indictment at all...

In McDonald v. State, 138 Tex. Crim. 610, 137 S.W. 2d 1046 (Tex. Cr. App. 1940), a conviction was reversed because the state was allowed to amend the information in an aggravated assault with a motor vehicle case by striking the word "gross" before the word "negligence" in the indictment, thus decreasing the State's motion for rehearing, which was denied the court wrote:

"It may be true that the word 'gross' stricken out by the state was merely surplusage; yet it was an alteration of the affidavit and information in substance and this the law will not tolerate..."

In Cowan v. State, 41 Tex. Crim. 617, 56 S.W. 751 (Tex. Cr. App. 1900), it was held that where an indictment particularly describes the means used, such descriptive averments are part of the indictment and not surplusage. See also Robinson v. State, 60 Tex. Crim. 592, 132 S.W. 944 (Tex. Cr. App. 1910). And an allegation of the means by which an assault was committed, though unnecessary, must be proven substantially as alleged, Arbetter v. State, 79 Tex. Crim. 487, 186 S.W. 769 (Tex. Cr. App. 1916). See also McGee v State, 5 Tex. App. 492 (1879); Maxwell v. State, 66 Tex. Crim. 258, 145 S.W. 1190 (Tex. Cr. App. 1912).

Ground #6 should be sustained; due to, the lack of burden of proof that these acts even happen. The law provides a defendant is innocence until proven guilty.

The extraneous act presented into evidence under the rule was not proven facts only assumption. By admitting these acts into evidence it prejudice my trial to the point that the defendant was denied a fair, impartial and just trial. Failure to have a burden of proof of these extraneous acts was prejudicial to the point it was never cured. Without a burden of proof these acts actually happen, the jury considered the extraneous acts as direct evidence of defendant's guilt; that is, the defendant acted in conformity with his character. These acts were presented without any criminal history or the fundamental and substantial fact necessary to prove the commission of a crime or extraneous act. There was no investigation at all done by the state or the defendant attorney as to prove beyond a reasonable doubt between the guilt or innocence of the accused and the credibility of the evidence/extraneous act or witness against the defendant which brings about the questionability of the complaint/extraneous acts. The character of these evidence/extraneous acts are unreliable; there has been no details, no dates, no this happened this way, it's just it happened and the usefulness of this evidence other than just saying it happened without any corpus delecti to prove these extraneous act were ever committed. The evidence concerning the extraneous acts were not probative of any contested issue in this direct evidence case and, therefore, interjecting it into the case to serve no purpose other than to distract the jury and taint their deliberations.

## Supporting Authority (ies)

Defendant relies on following supporting authorities:

Elkins v. State 647 S.W. 2d 663; In a criminal proceeding, when the State seeks admission of an extraneous or similar transaction committed by the accused which constitutes a separate criminal offense, introduction of that "extraneous offense" transaction is

inherently prejudicial, since the accused has no notice he will be called to defend against it, and his "propensity to commit crimes" is not material to whether he is guilty of the specified conduct which is charged by the State. *Bates v. State*, 643 S.W.2d 939, 944 (Tex.Cr.App. 1982); *Rubio v. State*, 607 S.W.2d 498 (Tex.Cr.App. 1980); *Sanders supra*; *Murphy, supra*, and cases cited there.

*Ex parte Varelas* 45 S.W.3d 627; [6] Extraneous acts are generally inadmissible at the guilt/innocence stage of a trial. See *Tex. R. Evid. 404(b)* (stating that "evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith.") A defendant is "entitled to be tried on the accusation made in the State's pleading and he should not be tried for some collateral crime or for being a criminal generally." *Wilkerson v. State*, 736 S.W.2d 656, 659 (Tex.Crim.App. 1987).

[7,8] Once an extraneous act has been ruled admissible, the jurors must be instructed about the limits on their use of that extraneous act if the defendant so requests. This Court has held for many decades that "when evidence of collateral crimes is introduced for one of the various purposes for which such evidence becomes admissible the jury should be instructed that they cannot consider against the defendant such collateral crimes, unless it has been shown to their satisfaction that the accused is guilty thereof." *Lankford v. State*, 93 Tex.Crim. 442, 248 S.W. 389, 389 (1923). In other word, a jury should be instructed that they are not to consider extraneous act evidence unless they believe beyond a reasonable doubt that the defendant committed that act. See *Harrell v. State*, 884 S.W.2d 154, 157 (Tex. Crim.App. 1994). "If a defendant, during the guilt/innocence phase, asks for an instruction to the jury on the standard of proof required for admitting extraneous offenses, the defendant is entitled to that instruction." *Mitchell v. State*, 931 S.W.2d 950, 954 (Tex.Crim.App. 1996). Therefore, if Applicant's counsel had requested the jury to be instructed that they could not consider the extraneous act evidence unless they believed beyond a reasonable doubt that Applicant committed those acts, the requested charge should have been given.

[14] Because this charge did not contain the appropriate burden of proof for the extraneous act evidence, it is reasonable to presume that the

jury did not necessarily find beyond a reasonable doubt that the extraneous acts were committed by Applicant before using this evidence against him. See id. At 740 (stating that "where no instruction is given, we can not follow the presumption that the jury properly considered the evidence at trial"). Similarly, the charge did not contain a limiting instruction telling the jury to consider the extraneous acts only for the purposes for which they were Admitted - namely state of mind, intent, relationship, motive and to rebut defensive issues, without such an instruction, the jury was likely to consider the extraneous acts as direct evidence of Applicant's guilt; that is, that he acted in conformity with his character. See id. At 738 (stating that "where no limiting instruction is given, ..., we must conclude that any prejudice resulting from introduction of the extraneous offense is unabated.")

Ground #7 should be sustained; due to, defendant's attorney failed to render effective assistance of counsel or proper legal representation, when he did not conduct pretrial investigation or preparation, nor did he consult with the defendant about the facts surrounding the allegations, nature and cause of the accusation against him; on the grounds of the fact, defendant's attorney performance was deficient as it fell below an objective standard of reasonableness under prevailing professional norms so inflammatory it could not cure its prejudicial effect that denied the defendant's rights to a fair, impartial and just trial.

The finding of the defendant's attorney failing to render effective assistance of counsel or proper legal representation due to his failure to conduct pretrial investigation or preparation, nor did he consult with the defendant about facts surrounding the allegations, nature and cause of the accusation against him is based on the following facts:

Defendant contends that his right to effective assistance of counsel guaranteed to him was violated by his attorney's total failure to investigate the facts of the case. In this case consultation with the defendant was not basically what was required in order to make proper and adequate presentation of the defense. Defendant's attorney did not expended a substantial amount of effort in preparing for trial. Attorney's conduct of the trial itself suggest that Mr Nichols had not obtained any pertinent information outside of what little information passed to him by the defendant. Defense attorney called no witnesses, he introduced no documentary or physical evidence, and he submitted no outside information for impeachment or contradiction. The only factual conclusion that can be drawn from the record is that attorney Luke Nichols sole preparation for the defense of the defendant charged with second degree sexual assault was to briefly interview the defendant himself. The lack of pretrial investigation amounted to ineffective assistance of counsel.

In this case, however, the defendant's attorney failed to prepare the defendant's defense competently under the most tolerant standard of evaluation. He failed to obtain legally relevant facts from the defendant; he failed to pursue obvious leads provided by the defendant, and failed completely to garner corroborating evidence for the defendant defense. He failed to

page 26

interview or attempt to interview key witness, and his discovery/review of the trial exhibits made available by the state was inadequate. He failed to secure information in the possession of the prosecution and law enforcement authorities. Under these circumstances, it can hardly be claimed that Luke Nichols preparation of Semien's defense was adequate.

In vol. 3 of Court Reporter's Record pg. 45, line 4; deals with defendant's attorney informing the court/judge he was unprepared. Had defendant's attorney conducted pretrial investigation or preparation as well as consulted with defendant about the facts surrounding the allegations, nature and cause of the accusation against him; the attorney would not have been writing the defense stratergy as He (the attorney) go. The statement, "I'm writing it as I go," by the defendant's attorney was made due to his failing to meet his duty to investigate the facts of the case and failing to secure information in the possession of the prosecution and law enforcement authorities. In vol. 3 of Court Reporter's Record pg. 46, lines 6-8; deals with attorney failure to secure information in possession of prosecution (state). Had the attorney possess the statement he requested to see a copy of, that the witness was referring to; He could have uncovered/explored all avenues leading to facts relevant to a legitimate justiciable defense/an effective defense as well as sought out and interviewed, and call potential key witnesses prevented full advancement of a consent defense.
In vol. 3 of Court Reporter's Record pg. 55, lines 7-9; deals with the record showing further my attorney lack of pretrial investigation or preparation with the statement, "your Honor, at this time, I would like to ask the state to provide a pen packet so I can ascertain the dates of his presentence incarceration." This should have been done far before the middle of the trial, the attorney's inaction prejudiced the defendant defense, causing the defendant to be denied a fair, impartial and just trial.
In vol. 4 of Court Reporter's Record pg. 6, lines 8-14 also deals with defendant's attorney admitting to not being familiar with the facts surrounding the allegations, nature and cause of the accusation against the defendant with the attorney's statement and I quote, "I was not aware of them, your Honor." Then the state affirmed defendant's attorney was completely unprepared for trial with this statement, "My argument would be if this is something the defendant has brought to his attorney's attention, he already knew

about this yesterday (which is all true). This is no information that has developed overnight (the state is correct and had defendant's attorney consulted fully with him, his attorney would have known this.). They had ample opportunity to cross examine on this point yesterday. The state is absolutely correct; however, the defendant attorney was unable to properly cross examine the state's key witness due to his lack of being familiar with the facts surrounding the allegations, nature and cause of the accusation against the defendant, as well as the attorney's failure to conduct pretrial investigation or preparation, nor consult in depth with the defendant.

Had defendant attorney fulfilled his duties and obligations owed to the defendant, the trial would not been so inflammatory that the prejudicial effect could never be cured that resulted to the defendant getting denied a fair impartial and just trial. Attorney failed to conduct an independent pretrial investigation or preparation, nor did he consult in depth with defendant into the factual basis of the state's charges and neglected to seek out and interview potential witnesses whose testimony the defendant informed attorney would strengthen/support his/the defense.

## Supporting Authority(ies)

Defendant relies on the following supporting authorities:

United States v. Tucker 716 F.2d 576 quoting; [3] Pretrial investigation and preparation are the keys to effective representation of counsel. Rummel v. Estelle, 590 F.2d 103, 104 (5th Cir. 1979). Courts have repeatedly stressed the importance of adequate consultation between attorney and client, the interviewing of important witnesses, and adequate investigation of potential defenses. See, eg, Goodwin v. Balkcom, 684 F.2d 794, 804-05 (11th Cir. 1982); United States v. Porterfield, 624 F.2d 122, 124 (10th Cir. 1980); See Wood v. Zahradnick, 578 F.2d 980, 982 (4th Cir. 1978). Mr Keating performed none of these essential tasks competently.

Moreover, Keating failure to identify or interview witnesses who might be able to corroborate Tucker's testimony made it impossible for the jury to make an independent judgment as to whether there was a reasonable doubt regarding Tucker's guilt. Since Keating did not adequately

interview either his own client or any prospective witness, corroboration for Tucker's defense was never developed. "The most able and competent lawyer in the world cannot [sic] render effective assistance in the defense of his client if his lack of preparation for trial results in his failure to learn of readily available facts which might have afforded his client a legitimate justiciable defense." _McQueen v. Swenson_, 498 F.2d 207, 217 (8th Cir. 1974), quoting _Goodwin v. Swenson_, 287 F.Supp. 166, 182-3 (W.D. Mo. 1968). The absence of any corroboration for Tucker's testimony was repeatedly underscored and exploited by the prosecutor in his closing argument.

In this case, however, Keating failed to prepare his client's defense competently under the most tolerant standard of evaluation. He failed to obtain legally relevant facts from his client; he failed to pursue obvious leads provided by his client, and failed completely to garner corroborating evidence for his client's testimony. He failed to interview or attempt to interview key witnesses, and his review of the trial exhibits made available by the government was inadequate. Under these circumstances, it can hardly be claimed that his preparation of Tucker's defense was adequate.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant prays this Honorable Court grant Defendant relief to which He may be entitled in this Petition For Discretionary Review and take into consideration the many obstacles that is continuously getting placed in front of Defendant preventing defendant from successfully Appealing this conviction.

# Appendix



CHIEF JUSTICE
STEVE MCKEITHEN

JUSTICES
CHARLES KREGER
HOLLIS HORTON
LEANNE JOHNSON

# Court of Appeals
## State of Texas
## Ninth District

CLERK
CAROL ANNE HARLEY

OFFICE
SUITE 330
1001 PEARL ST.
BEAUMONT, TEXAS 77701
409/835-8402   FAX 409/835-8497
WWW.TXCOURTS.GOV/9THCOA.ASPX

November 19, 2014

William Paul Semien
#01904346
Bill P. Clements Unit
9601 Spur 591
Amarillo, TX 79107-9606

Terrence Holmes
455 Milam
Beaumont, TX 77701
* DELIVERED VIA E-MAIL *

Wayln G. Thompson
Assistant District Attorney
Jefferson County Courthouse
1001 Pearl Street, 3rd Floor
Beaumont, TX 77701
* DELIVERED VIA E-MAIL *

**RE:**   Case Number:         09-13-00582-CR
          Trial Court Case     13-17919
          Number:

**Style:**   William Paul Semien
             v.
             The State of Texas

Enclosed are copies of the Court's Opinion and Judgment in the above styled and numbered cause entered this date. The judgment of the trial court is AFFIRMED. The appellant's motion to withdraw as counsel was also granted this date.

### Tex. R. App. Proc. 48.4. Opinion Sent to Criminal Defendant

In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68. This notification shall be sent certified mail, return receipt requested, to the defendant at his last known address.

**The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal.**

Sincerely,

CAROL ANNE HARLEY
CLERK OF THE COURT

cc:   Judge John Stevens (DELIVERED VIA E-MAIL)
      Rene Mulholland (DELIVERED VIA E-MAIL)
      Jane  Birge (DELIVERED VIA E-MAIL)

In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00582-CR
_____

WILLIAM PAUL SEMIEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
Jefferson County, Texas
Trial Cause No. 13-17919

## MEMORANDUM OPINION

A jury found William Paul Semien guilty of sexual assault as a habitual felony offender and assessed punishment at fifty-five years of imprisonment. Semien's appellate counsel filed a brief that presents counsel's professional evaluation of the record and concludes Semien's appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Semien to file a *pro se* brief, but we

received no response from Semien. We have determined that this appeal is wholly frivolous. We have independently examined the appellate record, and we agree that no arguable issues support an appeal. We find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

 

 

_____

LEANNE JOHNSON
Justice

Submitted on November 12, 2014
Opinion Delivered November 19, 2014
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.

---

[1] Semien may challenge our decision by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

2

# IN THE NINTH COURT OF APPEALS

## 09-13-00582-CR

William Paul Semien

v.

The State of Texas

On Appeal from the
Criminal District Court of Jefferson County, Texas
Trial Cause No. 13-17919

## JUDGMENT

THE NINTH COURT OF APPEALS, having considered this cause on appeal, concludes that the judgment of the trial court should be affirmed. IT IS THEREFORE ORDERED, in accordance with the Court's opinion, that the judgment of the trial court is affirmed.

Opinion of the Court delivered by Justice Leanne Johnson

November 19, 2014

### AFFIRMED

\*\*\*\*\*\*\*\*\*\*

Copies of this judgment and the Court's opinion are certified for observance.

Carol Anne Harley
Clerk of the Court

# AFFIDAVIT

     I, William Paul Semien, born the 6th day of January, 1969; 46 years of age. I am currently incarcerated in the Texas Department of Criminal Justice-Institutional Division At the William P. Clements Facility located At 9601 Spur 591, Amarillo, Texas 79107-9606.

     I, William Paul Semien, do declare under penalty of perjury and without reward, coercion or threat, I freely and voluntarily give, state and aver that; the foregoing is true and correct (Civil Practice and Remedies Code, Title 6, chapter 132, V.T.C.A.).

     On the 4th day of November, 2013; during juror selection, I William Paul Semien did in fact tell Luke Nichols, affiant/defendant's trial Attorney that Affiant did not want juror no. 4 Nancy Roam to sit on the jury panel that will be making a major decision on defendant's life. Defendant wanted to use one of the peremptory strikes to have juror no. 4 Nancy Roam removed from the jury panel. Even though, defendant made it known that defendant did not want juror no. 4 Nancy Roam as a juror she was still seated on the jury panel.

Executed this 13th day of February, 2015.

_William Paul Semien_
Affiant

page 32

## Certificate of Service

I hereby certify that on February 13, 2015; A correct And true copy of Defendant's Pro-se Petition for Discretionary Review was mailed to the Court of Criminal Appeals of Texas by U.S. First Class mail Addressed to The Court of Criminal Appeals of Texas At, P.O. Box 12308, Capitol Station, Austin, Texas 78711.


_William Semien_

William Berrien
William P. Clements Unit
#01904346
9601 Spur 591
Amarillo, Texas
79107-9606

Abel Acosta
Clerk of the Court
Court of Criminal Appeals of Texas
P.O. Box 12308, Capitol Station
Austin, Texas 78711